[Not for Publication]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| DAVID CARPENTER, | : |  |
|  | : |  |
| Plaintiff, | : | Civil Action No. 08-534 (FLW) |
|  | : |  |
| v. | : |  |
|  | : | **OPINION** |
| JERSEY SHORE UNIVERSITY | : |  |
| MEDICAL CENTER & MERIDIAN | : |  |
| HEALTH, <u>et al.</u>, | : |  |
|  | : |  |
| Defendants/Third-Party Plaintiffs, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| METROPOLITAN SERVICES GROUP, | : |  |
|  | : |  |
| Third-Party Defendant. | : |  |

_____

**<u>WOLFSON, United States District Judge</u>:**

Presently before the Court is a motion by Third Party Defendant Metropolitan Healthcare Services[1], doing business as Nationwide Parking Lot & Valet, LLC ("Third-Party Defendant" or "Metropolitan"), for summary judgment on Defendants/Third-Party Plaintiffs', Jersey Shore University Medical Center ("JSUMC") and Meridian Health (collectively "Third-Party Plaintiffs" or "Jersey Shore"), Complaint. Metropolitan argues that Jersey Shore's claims of contribution and negligence arising out of a slip and fall action by Metropolitan's employee are barred by the exclusivity provisions of the Workers' Compensation Act, N.J.S.A. 34:15-8. Third-Party Plaintiffs oppose the motion and cross-move for leave to amend their Answer and

_____

[1]Improperly impleaded as Metropolitan Services Group. Toman Cert. ¶ 1.

Third-Party Complaint to add a contractual indemnification claim.  Metropolitan opposed the Cross-motion.  For the reasons stated below, the Court grants Metropolitan's Motion and denies Jersey Shore's Cross-motion.

## I.  Facts and Procedural History

Metropolitan is a parking valet service that was contracted to provide service to Jersey Shore.  Metropolitan Statement of Material Facts ¶ 2.  Plaintiff David Carpenter ("Plaintiff" or "Mr. Carpenter"), a Metropolitan employee assigned to work at JSUMC, filed a Complaint on January 29, 2008 against JSUMC and Meridian Health, both New Jersey corporations based on his alleged slip and fall accident on January 22, 2007.  Id. ¶¶ 1, 3.  Plaintiff, a Pennsylvania citizen, alleges that he slipped and fell on ice and sustained physical injuries while working at the entrance of JSUMC, which is owned by Meridian Health, as a result of their negligence.  Compl. ¶¶ 1, 3, 9.  On July 8, 2008, Jersey Shore filed a Third-Party Complaint against Metropolitan, alleging that, if liable, it is entitled to contribution and indemnification from Metropolitan (1) under the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq., and the Comparative Negligence Act of New Jersey, and (2) based on Metropolitan's negligence.  See Answer at 2-3. On July 18, 2008, Metropolitan filed an Answer to the Third-Party Complaint and included a Crossclaim for indemnification and contribution.  Plaintiff filed a Worker's Compensation Claim and benefits were paid to him in connection with his injury.  See Metropolitan Mot., Ex. C.

On November 21, 2008, Metropolitan filed a motion for summary judgment arguing that Defendants' Third-Party claims are barred by the exclusivity provisions of the Workers' Compensation Act, N.J.S.A. 34:15-8.  On December 1, 2008, Third-Party Plaintiffs opposed the

motion and cross-moved to amend their Answer and Third-Party Complaint to add a contractual indemnification claim.  Third-Party Plaintiffs argue that the second count of their Complaint specifically invokes the Defendants/Third Party Plaintiffs' right to indemnification from Metropolitan.  Jersey Shore asserts that in the May 24, 2005 lease agreement between the parties, Metropolitan agreed to indemnify Jersey Shore for its liability for Plaintiff's injuries.  Jersey Shore Opp., Ex. A, ¶ 7(i).  Further, Third-Party Plaintiffs argue that they should be permitted to amend their Answer and Third-Party Complaint to more adequately describe their allegation of contractual indemnification.  Metropolitan opposed the Cross-motion.  The Court has diversity jurisdiction over this slip and fall case pursuant to 28 U.S.C. § 1332.  For the reasons stated herein, the Court grants Metropolitan's Motion and denies Jersey Shore's Cross-motion.


## II.  Discussion

### A.  Third-Party Defendant's Motion for Summary Judgment

#### Standard of Review

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A fact is material only if it might affect the outcome of the suit under the applicable rule of law.  Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Id. The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment.  Celotex, 477 U.S. at 330.  Once the moving party satisfies this initial burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."

Fed. R. Civ. P. 56(e).  To do so, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324.  In other words, the non-moving party must "do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir. 1999).  A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In evaluating the evidence, a court must "view the inferences to be drawn from the underlying facts in the light most favorable to the [non-moving] party."  Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).

The motion is appropriately granted when that party is entitled to judgment as a matter of law.  Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).  Even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment."  Morris v. Orman, No. 87-5149, 1989 WL 17549, at *8 (E.D. Pa. Mar. 1, 1989) (citing Childers v. Joseph, 842 F.2d 689 (3d Cir. 1988)); see also Atkinson v. City of Phila., No. 99-1541, 2000 WL 793193, at *5 n. 8 (E.D. Pa. June 20, 2000).

**Analysis**

Jersey Shore does not dispute that allegations of contribution against Metropolitan in Jersey Shore's Third-Party Complaint are barred by the exclusivity provisions of the Workers'

Compensation Act.  Similarly, Jersey Shore does not dispute that its allegation of common law

indemnification based on negligence against Metropolitan in Jersey Shore's Third-Party

Complaint is barred by the exclusivity provisions of the Workers' Compensation Act.  Further,

Jersey Shore does not present any evidence that Plaintiff's injuries resulted from any negligence

by Metropolitan.  Thus, Third-Party Plaintiffs' allegations – Counts One and Two – as plead are

summarily dismissed.

### B.  Third-Party Plaintiffs' Cross-motion for Leave to Amend

Third-Party Plaintiffs now argue that the second count of their Complaint specifically

invokes Defendants/Third Party Plaintiffs' right to indemnification from Metropolitan and thus

they should be permitted to amend their Answer and Third-Party Complaint to more adequately

describe their allegation of contractual indemnification.  Fed. R. Civ. P. 15 governs amendments

of the pleadings.

### Standard of Review

Rule 15(a) states that a party may amend her pleading "once as a matter of course . . .

before being served with a responsive pleading."  Fed. R. Civ. P. 15(a).  At all other times, "[t]he

court should freely give leave when justice so requires."  Id.  The decision to grant leave to

amend is left within the discretion of the district court.  United States v. Diversified

Environmental Groups, Inc., 1990 U.S. Dist. LEXIS 17044, *1 (E.D. Pa. 1990) (citing Coventry

v. U.S. Steel Corp., 856 F.2d 514, 518-521 (3d. Cir. 1988)).  Courts have a liberal tendency in

granting leave to amend, because the pleading is not "a game of skill in which one misstep by

counsel may be decisive to the outcome."  Unites States v. Hougham, 364 U.S. 310, 317 (1960).

Further, the Supreme Court has stated that "outright refusal to grant the leave without any

justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of the discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., -- the leave sought should, as the rules required, be freely given." Id. In Winer Family Trust v. Queen, 503 F.3d 319, 330 -331 (3d Cir. 2007), the Third Circuit held that even though "leave should be 'freely given when justice so requires,' . . . 'a District Court may deny leave to amend on the grounds that amendment would cause undue delay or prejudice, or that amendment would be futile.'" (internal citations omitted).

### Analysis

In this case, the Honorable John J. Hughes's, U.S.M.J. ("Judge Hughes") scheduling order required all motions to add a party or to amend the pleading be filed by July 25, 2008. See Judge Hughes's Order, dated Apr. 15, 2008. Jersey Shore first produced the May 24, 2005 lease agreement two weeks prior to arbitration and now – by way of its motion filed on December 1, 2008 – seeks to add a claim for contractual indemnification. Jersey Shore's request comes after the close of discovery and in response to Metropolitan's motion for summary judgment. Granting Third-Party Plaintiffs request for leave to amend would violate Judge Hughes's Order. Further, notwithstanding all of the issues raised by Metropolitan, Fed. R. Civ. P. 15(a) permits the Court to deny leave to amend for futility of amendment. Hugh & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, 663 F.2d 419, 425 (3d Cir. 1981). A lack of futility, "means that the complaint, as amended, would fail to state a claim upon which relief could be granted."

In Re Burlington Coat Factories Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997). The court

essentially applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id.

(citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).  Because Jersey

Shore cannot state a claim for contractual indemnification and such an amendment would be

futile, the Court denies Jersey Shore's cross-motion on this ground.

      The parties do not dispute that they entered into a contract on May 24, 2005, whereby the

Third-Party Defendants agreed to indemnify and hold harmless the Third-Party Plaintiffs from:

> [A]ny and all damages, claims, actions, or liability and expenses (including costs
> of judgments, settlements, court costs, and attorneys fees) . . . arising out of or
> relating in any way to any allegedly negligent or intentional acts or omissions of
> Nationwide Parking and Valet, LLC, its employees, agents, contractors or any
> failure to perform any obligation undertaken by Nationwide Parking and Valet,
> LLC, its employees, agents or contractors hereunder . . .

Jersey Shore Opp., Ex. A, ¶ 7(i).  In addition, there is uncontroverted testimony from

Jersey Shore's manager of plant operations Ron Hofer ("Hofer") that there was no

negligence by Metropolitan.  See Toman, Supplement Cert., Ex. A, Dep. of Ron Hofer,

July 31, 2008 ("Hofer Dep.").  Hofer testified that Jersey Shore was solely responsible for

the ice and snow removal in the area where Plaintiff allegedly was injured.  Hofer Dep. at

9:2-10:7, 13:1-5, 13:20-14:14, 16:24-17:11.  Therefore, at issue in these cross-motions is

whether the language of the lease agreement between Jersey Shore and Metropolitan

requires Metropolitan to indemnify Jersey Shore for Plaintiff's injuries alleged to have

resulted from Jersey Shore's negligence.

      Third-Party Plaintiffs correctly assert that the New Jersey Workers' Compensation

Act does not bar a contract right of indemnification from the employer.  See Ramos v.

Browning Ferris Industries, 103 N.J. 177 (1986).  However, Third-Party Plaintiffs seek indemnification from Metropolitan for their own negligence and the Supreme Court of New Jersey has spoken clearly on this issue.  The Court has held that although indemnity contracts are generally interpreted in accordance with the rules governing the construction of contracts, when the clause's meaning is ambiguous, it should be strictly construed against the indemnitee.  Id. at 191.  Therefore, "a contract will not be construed to indemnify the indemnitee against losses resulting from its own negligence unless such an intention is expressed in unequivocal terms."  Id.  In Mantilla v. NC Mall Assoc., 167 N.J. 262, the Court further held that "there is a presumption against indemnifying an indemnitee for its own negligence that can be rebutted only by plain language clearly expressing a contrary intent."  Id. at 269 (citing with approval the Appellate Division's earlier statement).  Thereafter, in Azurak v. Corporate Property Investors, 175 N.J. 110 (2003), the Court reiterated its holding in Ramos and Mantilla, that to bring a negligent indemnitee within an indemnification agreement, the agreement must specifically reference the negligence or fault of the indemnitee.  The Court also removed any misconceptions that prior case law permitted "broad" indemnification clauses to allow for indemnification of an indemnitee's negligence without explicitly referring to the indemnitee's "negligence" or "fault."  Azurak, 175 N.J. at 112.  In sum, the Supreme Court of New Jersey has explicitly held and confirmed that "for an indemnitor to be found to indemnify the indemnitee for the indemnitee's own negligence, such an intent must be expressly and unequivocally stated."  Darcy v. New Jersey Transit Rail Operations, Inc., No. 04-5907, 2007 WL 1381759, at *2 (D.N.J. May 8, 2007).

In the instant case, the language in paragraph 7(i) of the contract providing for indemnification does not meet the Supreme Court of New Jersey's requirement of expressly stating a clear and unequivocal intent by Metropolitan to indemnify Jersey Shore for Jersey Shore's own negligence.  Rather, it does quite the opposite.  The contract clearly states that Metropolitan will indemnify Jersey Shore for Metropolitan's negligence, and there is no agreement that Metropolitan will indemnify Jersey Shore for Jersey Shore's negligence.  Accordingly, a contractual indemnification claim by Jersey Shore against Metropolitan is meritless and an amendment to add such a claim would be futile.  Third-Party Plaintiffs' cross-motion for leave to amend is denied.  See Winer Family Trust, 503 F.3d at 330 -331.

### C. Third-Party Claims

Because the Court dismisses Third-Party Plaintiffs' Complaint, the Court similarly dismisses Third-Party Defendant's Crossclaim for indemnification and contribution against Jersey Shore.

### III.  Conclusion

For the foregoing reasons, Metropolitan's Motion is granted and Jersey Shore's Motion is denied.

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

Date: April 7, 2009

9